UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DARWICH,

    Plaintiff,

v.

CASE NO. 2:19-CV-11799
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

UNITED STATES LAW
LIBRARY OF CONGRESS, *et. al.*,

    Defendants,
_____/

**OPINION AND ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the Court on Plaintiff Ali Darwich's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff is a federal prisoner incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of

1

$350 ....” *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 50.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended); s*ee also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff had two prior civil rights complaints that were dismissed by federal courts pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Darwich v. Department of Homeland Security, et. al.,* No. 11-CV-10468 (E.D. Mich. May 13, 2011); *Darwich v. Walker,* No. 11-CV-12190 (E.D. Mich. June 21, 2011). Plaintiff had a third case that was dismissed in part pursuant to Fed. R. 12(b)(6) for failing to state a claim upon which relief could be granted and in part pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) with respect to a remaining defendant. *Darwich v. U.S. Dep't of*

*Justice*, No. 13-CV-10757-DT, 2013 WL 5775392 (E.D. Mich. Oct. 25, 2013)(Adopting Report and Recommendation of Magistrate Judge).

## II. DISCUSSION

Plaintiff has requested to proceed without prepayment of fees.

28 U.S.C. § 1915(g), however, states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under 28 U.S.C. § 1915(g), a federal court shall dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial

notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has two prior civil rights complaints which were dismissed by a federal district court pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Plaintiff's 2013 case counts as a third strike even though it was dismissed in part under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief could be granted, because a dismissal under 12(b)(6) counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (Jan. 17, 2014), *aff'd,* 135 S. Ct. 1759 (2015). Plaintiff's three prior dismissals preclude him from proceeding without prepayment of fees.

Moreover, plaintiff did not allege any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior strikes. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is subject to dismissal pursuant to § 1915(g). Plaintiff, may, however, resume any of the claims dismissed under §

1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff's three strikes under § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court refuses to certify that any appeal from this dismissal would be in good faith.

### III. ORDER

**IT IS HEREBY ORDERED** that Plaintiff Ali Darwich's *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by plaintiff would not be done in good faith.

**SO ORDERED.**

Dated: July 1, 2019

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge